UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

IRA REYNOLDS,

                              Plaintiff,

         v.

TIME WARNER CABLE, INC., et al.,

                              Defendants.
_____

<u>DECISION & ORDER</u>

16-CV-6165W

Plaintiff Ira Reynolds filed this action on March 15, 2016, alleging that defendants Time Warner Cable, Inc. and Time Warner Cable Enterprise, LLC (collectively, "TWC") violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, by harassing him with debt-collection calls to his cellular telephone "using an automatic telephone system and/or us[ing] an artificial and/or prerecorded voice to deliver messages without having [his] consent . . . to make such calls and leave such messages." (Docket # 1 at ¶ 29). Among other affirmative defenses, TWC asserts that plaintiff consented to receive such calls by agreeing to the terms of TWC's Residential Services Subscriber Agreement and that plaintiff's claims are barred because TWC "ha[s] not and do[es] not employ an automatic telephone dialing system." (Docket # 9 at 9). Plaintiff's Complaint alleges that TWC persisted in making these calls despite plaintiff's request to TWC representatives on several occasions to stop calling him on his cellular phone. (Docket # 1 at ¶¶ 21-24).

Pending before the Court is TWC's motion to stay this action pending a decision in *ACA International v. FCC*, No. 15-1211 (D.C. Cir. 2015). (Docket # 13). Oral argument in *ACA International* was heard by the D.C. Circuit Court of Appeals on October 19, 2016.

The issues before the court in *ACA International* are plainly relevant to the legal issues raised by this case. Petitioners in *ACA International* seek review of a 2015 FCC Ruling determining that, among other things, (1) "a called party may revoke consent at any time and through any reasonable means" and (2) autodialers include equipment that "has the capacity to store or produce, and dial random or sequential numbers . . . even if it is not presently used for that purpose." *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961, 7971-72, 7990-91 (2015). The first issue – the question of consent – is relevant to the instant case because TWC maintains that the terms of plaintiff's service agreement with TWC permitted TWC to make such calls and the TCPA may not be interpreted to permit plaintiff unilaterally to revoke his contractual consent. (Docket # 13-4 at 2-3, 14-15). TWC further argues that a favorable ruling on this issue by the D.C. Circuit in *ACA International* will be dispositive of plaintiff's claims in this case. (*Id.* at 14). The second issue – the question of the definition of an "automatic telephone dialing system" under the TCPA – is also relevant to the case at bar; if the FCC's interpretation is rejected as overbroad, TWC's equipment may fall outside the definition and thus narrow the scope of plaintiff's claims to those involving "artificial and/or prerecorded voice" messages. (*Id.* at 3, 15). Plaintiff does not explicitly disagree with TWC's contention that the D.C. Circuit's decision could potentially narrow the issues in this case, although he disagrees that the court is likely to modify or reject the FCC's Ruling. (Docket # 17 at 8).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("[t]he [d]istrict [c]ourt has broad discretion to stay proceedings as an incident to its power to control its own docket"). In determining whether to exercise its discretion to enter a stay, a court should consider:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil ligation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Fairbank Reconstruction Corp. v. Greater Omaha Packing Co.*, 2014 WL 693001, *1 (W.D.N.Y. 2014); *see also Acton v. Intellectual Capital Mgmt., Inc.*, 2015 WL 9462110, *2 (E.D.N.Y. 2015) (above-articulated factors must be considered in determining whether to stay proceedings pending decision in *ACA International*).

Weighing these interests, this Court finds that a stay is warranted. Although plaintiff surely has a genuine and recognized interest in pursuing statutory damages, he will not be significantly prejudiced by awaiting a decision in *ACA International* to do so. TWC has represented that it has ceased the challenged conduct, and plaintiff has not disputed that representation. The wait for the *ACA International* decision, although undetermined in length, is not indefinite and is not likely to be long. The D.C. Circuit heard oral argument in October 2016, and it is reasonable to believe that a decision will issue within the next several months, if not earlier. The expected delay is not likely to adversely affect witness memories (indeed, plaintiff himself is likely the most important witness in support of his claims) or risk loss or destruction of records (presumably, TWC has placed a litigation hold on records of debt

collection communications with plaintiff).  *See Frable v. Synchrony Bank*, 2016 WL 6123248, *4 (D. Minn. 2016) ("[d]efendant will rely on existing records to establish its position[;] [p]laintiff will rely in part on his own testimony to support his argument that he did not provide consent, and thus it is unlikely that a delay of a few months would prejudice him").

This Court further finds that both parties' interests, as well as the Court's, in conserving resources weigh strongly in favor of a stay.  Surely, the *ACA International* decision, whatever its outcome and scope, will clarify many of the issues raised by this litigation and ensure the determination of those issues under the correct legal standards,[1] thus minimizing the risk of revisiting legal determinations on reconsideration or on appeal.  In addition, the scope of the issues in dispute and the discovery relating thereto may be narrowed by the *ACA International* decision – an outcome that would save the parties from needless expenditures and promote judicial economy.  The public interest does not counsel a different result, nor do the interests of any possible nonparties to this litigation.

For these reasons, this Court joins those courts that have decided that the interests to be considered weigh in favor of a stay.  *See*, *e.g.*, *Jones v. Credit Acceptance Corp.*, 2016 WL 7320919, *3 (E.D. Mich.) ("[i]n light of the uncertainty surrounding the proper interpretation of the TCPA and the lack of demonstrated prejudice to [plaintiff], the interest of judicial economy warrants a stay"), *report and recommendation adopted by*, 2016 WL 7242141 (E.D. Mich. 2016); *Rajput v. Synchrony Bank*, 2016 WL 6433150 at *8 ("factors weigh in favor of granting [d]efendant's motion to stay"); *Frable*, 2016 WL 6123248 at *4 ("the Court finds that the relevant factors weigh in favor of staying this case until the D.C. Circuit Court of Appeals issues

---

[1] Plaintiff contends that the decision by the D.C. Circuit in *ACA International* will be not binding on the court in this case. (Docket # 23).  Courts are divided on the issue.  *See Rajput v. Synchrony Bank*, 2016 WL 6433150, *6-7 (M.D. Pa. 2016) (collecting cases).  Regardless of whether the *ACA International* decision is strictly binding, this Court agrees with the court in *Rajput* that if the FCC's Ruling is rejected in *ACA International*, "district courts would be more likely to follow the D.C. Circuit's decision than an invalidated FCC order."  *Id.* at *7 (citing *Frable v. Synchrony Bank*, 2016 WL 6123248 at *3).

a decision in *ACA International*"); *Coatney v. Synchrony Bank*, 2016 WL 4506315, *2 (M.D. Fla. 2016) ("[a] stay will conserve judicial resources, will help clarify the law, and will enable this Court to render a sound decision[;] [i]mportantly, [p]laintiff has not shown that he will be prejudiced by a stay at such an early stage in the litigation"); *Rose v. Wells Fargo Advisors, LLC*, 2016 WL 3369283, *2 (N.D. Ga. 2016) (factors weigh in favor of stay); *Errington v. Time Warner Cable, Inc.*, 2016 WL 2930696, *4 (C.D. Cal. 2016) (same); *Williams v. TGI Friday's Inc.*, 2016 WL 1453032, *3 (E.D. Mo. 2016) ("[t]he Court holds that a stay is warranted in this case [because] . . . there is significant uncertainty regarding the TCPA's scope and application . . . [and plaintiff] will not be prejudiced by a short stay"); *Acton v. Intellectual Capital Mgmt., Inc.*, 2015 WL 9462110 at *3 ("the resolution of the D.C. Circuit Court of Appeals will more precisely define terms set forth in the TCPA[;] . . . the factors weigh in favor of a stay"); *Fontes v. Time Warner Cable Inc.*, 2015 WL 9272790, *5 (C.D. Cal. 2015) ("a stay is appropriate in these circumstances"). *But see Espejo v. Santander Consumer USA, Inc.*, 2016 WL 6037625, *5 (N.D. Ill. 2016) (other district courts "have come to the opposite conclusion, noting that the delay caused by a stay awaiting the D.C. Circuit's decision could be substantial, and therefore opting to allow progress in the case, particularly on issues unrelated to that appeal") (internal quotation omitted); *Konopca v. Center for Excellence in Higher Educ., Inc.*, 2016 WL 4644461, *2-3 (D.N.J. 2016) (denying stay; collecting cases).

## CONCLUSION

For the reasons stated above, TWC's motion to stay the proceedings (**Docket # 13**) is **GRANTED**. Within seven (7) days of the issuance by the D.C. Circuit of its decision in

*ACA International*, counsel shall confer and submit to this Court a jointly-proposed amended scheduling order.

**IT IS SO ORDERED.**

                                                  *s/Marian W. Payson*
                                                  MARIAN W. PAYSON
                                                  United States Magistrate Judge

Dated: Rochester, New York
         January 25, 2017